JAMES A. WILSON, Petitioner Below-Appellant,
v.
CARL DANBERG, et al., Respondents Below-Appellees.
No. 342, 2008.
Supreme Court of Delaware.
Submitted: July 28, 2008.
Decided: September 19, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 19th day of September 2008, upon consideration of appellant's opening brief and the State's motion to affirm, it appears to the Court that:
(1) The appellant, James Wilson, filed this appeal from the Superior Court's denial of his petition for a writ of mandamus. The State of Delaware, as the real party in interest, has filed a motion to affirm the trial court's judgment on the ground that it is manifest on the face of Wilson's opening brief that his appeal is without merit. We agree and affirm.
(2) The record reflects that Wilson was convicted in 1985 of first degree robbery and related offenses. He was paroled but was arrested in 1999 on new criminal charges, which led to a revocation of his parole and his conviction on the new charges. In March 2008, Wilson filed a petition for a writ of mandamus challenging a classification decision of the Department of Correction. Wilson sought to have his classification lowered so that he could be placed in a work release program. The Superior Court found that Wilson's conviction for trafficking in 2001 required him to serve ten years at maximum security. Accordingly, it denied his petition for mandamus. Wilson did not appeal that decision.
(3) Instead, in April 2008, Wilson filed a second petition for a writ of mandamus, which set forth the same claim as his earlier petition. The Superior Court summarily denied Wilson's second petition on the ground that the issue was controlled by its earlier decision. Wilson then appealed to this Court.
(4) We find the Superior Court's decision to be manifestly correct. Under the doctrine of res judicata, a party is prohibited from bringing a second lawsuit on the same issue involving the same parties after a judgment already has been entered on the matter.[*] Clearly, the issue Wilson now argues on appeal was raised and resolved against him in the first mandamus proceeding. Principles of res judicata prohibit relitigation of the issue. Accordingly, the Superior Court did not err in summarily dismissing his second petition.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[*] Betts v. Townsends, Inc., 765 A.2d 531, 534 (Del. 2000).